UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT FREEMAN, II, | Case No. 2:25-cv-01747-GMN-BNW |
| Petitioner, | |
| v. | ORDER |
| JEREMY BEAN, et al., | |
| Respondents. | |

      Petitioner Vincent Freeman, II, filed a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2254. This matter comes before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Freeman's Application to Proceed *In Forma Pauperis* ("IFP" ECF No. 1)) and Motion for Appointment of Counsel (ECF No. 1). For the reasons discussed below, the Court grants his IFP Application and defers consideration of his Motion for Appointment of Counsel. In addition, the Court orders Freeman to show cause in writing as to why this action should not be dismissed without prejudice for failure to exhaust his claims in Nevada courts.[2]

**Background**

      Freeman challenges a 2023 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Freeman*, Case No. C-22-369635-1. A jury found Freeman guilty of two counts of Battery Constituting Domestic Violence, Third Offense Within Seven Years. The state court entered a judgment of conviction and sentenced him to consecutive terms of 24 to 60 months.

      The Nevada Supreme Court affirmed the judgment of conviction on direct appeal. In

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court defers consideration of Freeman's Motion for Appointment of Counsel until after Freeman has responded to the Order to Show Cause.

March 2025, Freeman filed a state habeas Petition and the state district court denied relief in September 2025. *See Freeman v. Williams*, Case No. A-25-914790-W. It does not appear that Freeman filed a post-conviction appeal. In September 2025, Freeman initiated this federal habeas corpus proceeding *pro se*. ECF No. 1.

## Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

AEDPA requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears likely that the petition is wholly unexhausted in state court and is subject to dismissal without prejudice. Although Freeman filed a direct appeal of his judgment of conviction, it does not appear that he asserted the same claims that he alleges in his federal habeas Petition. In addition, Freeman did not appeal his state habeas Petition and thus those claims have not been raised through one complete round to the highest state court level of review available. Accordingly, Freeman will be required to show cause in writing within 30 days of the

date of this order, why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

## Conclusion

**IT IS THEREFORE ORDERED:**

1. Petitioner Vincent Freeman, II must file within 30 days of the date of this order, a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed without prejudice based on his failure to exhaust his claims in Nevada Courts. Freeman's response must be factually detailed, and, where possible, supported by exhibits.
2. If Freeman fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further advance notice.
3. Freeman's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted.
4. The Court defers consideration of Freeman's Motion for Appointment of counsel (ECF No. 1) until Freeman has responded to the Order to Show Cause.

DATED: October 16, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3