# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VINCENT FREEMAN, II,

Petitioner,

v.

JEREMY BEAN, et al.,

Respondents.

Case No. 2:25-cv-01747-GMN-BNW

**ORDER**

This habeas matter is before the Court on Petitioner Vincent Freeman, II's Response to Order to Show Cause (ECF No. 4) and Motion for Appointment of Counsel (ECF No. 1).

**Discussion**

As stated in the Court's Order to Show Cause, Freeman challenges a 2023 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Freeman*, Case No. C-22-369635-1. A jury found Freeman guilty of two counts of Battery Constituting Domestic Violence, Third Offense Within Seven Years. The state court entered a judgment of conviction and sentenced him to consecutive terms of 24 to 60 months.

The Nevada Supreme Court affirmed the judgment of conviction on direct appeal. In March 2025, Freeman filed a state habeas Petition, and the state district court denied relief in September 2025. *See Freeman v. Williams*, Case No. A-25-914790-W. In September 2025, Freeman initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. The Court instructed Freeman to show cause why this action should not be dismissed because of his failure to exhaust his claims in state court. ECF No. 3.

In his Response to the Order to Show Cause, Freeman provides that he appealed the denial of his state habeas Petition. It appears that his appeal remains pending before the Nevada appellate court. He also indicates that he would like to invoke a "pause in the case and proceedings." ECF No. 4 at 2. The Court infers that Freeman requests a stay to exhaust his claims in state court under *Rhines v. Weber*, 544 U.S. 269 (2005).

In *Rhines*, the Supreme Court placed limitations upon the district courts' discretion to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.* Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277 (emphasis added). The *Rhines* Court further held that a district court would likely abuse its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. *E.g., Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)). Ineffective assistance of post-conviction counsel or a lack of counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause") (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)).

The Court finds good cause exists based on Freeman's confusion over whether his petition would be timely filed. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Freeman has not engaged in intentionally dilatory litigation tactics.

2

Because Freeman has satisfied *Rhines*, this habeas action will be stayed and held in abeyance until he has presented his claims to the Nevada courts.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (ECF No. 1) is DENIED without prejudice.

2. Petitioner's request for a stay and abeyance is GRANTED. This action is STAYED pending exhaustion of the unexhausted claims in the Petition.

3. The stay is conditioned upon Petitioner litigating his state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.[1]

4. The Clerk of Court is kindly directed to ADMINISTRATIVELY CLOSE this action, until such time as this Court grants a motion to reopen the matter.

5. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED:   March 9, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).